IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SASHA WINDHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-759-L-BN |
| | § | |
| REGIONAL ACCEPTANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sasha Windham filed a *pro se* action in a Dallas County justice court that includes claims under two federal statutes, the Federal Debt Collection Practices Act and the Fair Credit Reporting Act. *See* Dkt. No. 1-1. Defendant Regional Acceptance Corporation (RAC) answered in state court and removed to federal court. *See* Dkt. No. 1. United States District Judge Sam A. Lindsay then referred the removed case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On April 7, 2022, the Court ordered the parties to meet and confer and then file, by April 29, 2022, a joint report under Federal Rule of Civil Procedure 26(f) containing a proposed discovery plan and stating the parties' views and proposals on certain specified matters (the Rule 26(f) Report). *See* Dkt. No. 6 (warning the parties "that failing to comply with any part of this order may result in the imposition of sanctions" (citing FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f))). Because no report was filed, the Court ordered the parties to file the Rule 26(f) Report by May 10, 2022 and

to respond to show cause why the Court should not impose sanctions. *See* Dkt. No. 7.

RAC responded by filing the Rule 26(f) Report "independently of plaintiff because RAC has been unable to contact plaintiff" [Dkt. No. 8] and by filing a Verified Response to Order to Show Cause [Dkt. No. 9].

Considering these filings, the Court, on May 11, 2022, ordered Windham to file a written response by June 13, 2022 to show why this lawsuit should not be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to obey an order of the Court. *See* Dkt. No. 10.

It is now almost two months past the deadline set by the Court's order, and Windham has neither complied with the May 11 order nor otherwise contacted the Court.

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the May 11 order – in addition to leaving the impression that he no longer wishes to pursue his claims – Windham has prevented this action from proceeding and has thus failed to prosecute this lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances. Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Windham decides to obey the Court's order or contact the Court, the Court should exercise its

inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

It is not apparent based on the record here that dismissal of this lawsuit without prejudice at this stage would effectively be a dismissal with prejudice – for example, because a statute of limitations would prevent Windham's refiling these claims. But, insofar as this dismissal may somehow prejudice Windham, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *Cf. Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 10, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE